# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:17-CV-1474-L** |
| **MARY J. MOLINA a/k/a Mary J. Rosberg,** | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Default Judgment, filed July 6, 2017. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.     Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on June 5, 2017, against Mary J. Molina a/k/a Mary J. Rosberg ("Defendant" or "Molina"). This action arises from the failure of Molina to make the required payments on loans she obtained on or about July 17, 1991; August 9, 1991; August 3, 1994; and October 4, 1995.

The loans were disbursed for $2,625 on August 9, 1991; $4,000 on August 12, 1991; $5,500 and $2,414 on September 5, 1994, and $5,500 on October 13, 1995, at a variable rate of interest to be established annually by the Department of Education. The loan obligations were guaranteed by Texas Guaranteed Student Loan Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). The United States

Department of Education is the owner and holder of the promissory note. After demand of payment by the United States, Molina defaulted on the loans on January 17, 1998, and August 11, 1998.

Molina was served with a copy of the summons and Complaint on June 8, 2017. She was required to answer or otherwise respond to the Complaint by June 29, 2017, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Molina has not answered or otherwise responded to the Complaint.

On July 6, 2017, the United States requested the clerk of court to enter a default against Molina, and the clerk made an entry of default against Molina the same day. Plaintiff now requests the court to enter a default judgment against Molina and award it damages and applicable interest as a result of her default.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Molina. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Molina, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which

the court accepts as true, and the record in this action, the court determines that Molina is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amounts that Molina owed the United States as of January 18, 2017 through June 30, 2017, were:

1. $5,450.37 ($2,834.69 in principal and $2,615.68 in interest) for Certificate of Indebtedness #1. After June 30, 2017, interest accrues on the principal at a daily rate of $0.33. The number of days from June 30, 2017, to July 12, 2017, is 12, which results in additional interest in the amounts of $3.96;

2. $13,600.18 ($6,833.73 in principal and $6,766.45 in interest) for Certificate of Indebtedness #2. After June 30, 2017, interest accrues on the principal at a daily rate of $0.84. The number of days from June 30, 2017, to July 12, 2017, is 12, which results in additional interest in the amounts of $10.08; and

3. $29,393.04 ($15,798.38 in principal and $13,594.66 in interest) for Certificate of Indebtedness #3. After June 30, 2017, interest accrues on the principal at a daily rate of $1.76. The number of days from June 30, 2017, to July 12, 2017, is 12, which results in additional interest in the amounts of $21.12.

Therefore, the total amount of judgment to which the United States is entitled is **$48,478.75.**

### III. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$48,478.75.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 12th day of July, 2017.

Sam A. Lindsay
United States District Judge